UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEGHANN KNICKERBOCKER, et al., | CASE NO. C12-1142JLR |
| Plaintiffs, | ORDER GRANTING ATTORNEYS' FEES |
| v. | |
| CORINTHIAN COLLEGES, et al., | |
| Defendants. | |

## I. INTRODUCTION

This motion comes before the court on Plaintiffs' motion for attorneys' fees (Mot. (Dkt. # 92)) and Defendant Corinthian Colleges, Inc.'s opposition thereto (Resp. (Dkt. # 98).) Having considered the submissions of the parties, the balance of the record, and the relevant law, and no party having requested oral argument, the court GRANTS in part and DENIES in part Plaintiffs' motion.

//

## II. BACKGROUND

On April 7, 2014, this court entered monetary sanctions against Corinthian Colleges Inc. ("Corinthian") for discovery conduct that the court found constituted or was tantamount to bad faith and reopened discovery. (*See* 4/7/14 Order (Dkt. # 85).) As part of those sanctions, the court awarded attorneys' fees to Plaintiffs. (*See id.* at 25.) Specifically, the court held: "Plaintiffs may recoup costs and fees associated with their first and second motions for sanctions, as well as costs and fees of duplicative discovery reasonably attributable to Corinthian's sanctioned conduct." (*Id.*) The court required Plaintiffs to file a separate motion detailing their requested attorneys' fees at the close of the second discovery period. (*Id.*)

Plaintiffs' motion, however, requested attorneys' fees and costs for legal work that exceeded the scope of the court's award of sanctions. (*See generally* Mot.) Accordingly, the court ordered Plaintiffs to file a supplemental memorandum identifying, per the court's sanctions order, only those fees and costs attributable to (1) Plaintiffs' two motions for sanctions and (2) the duplicative depositions of seven fact witnesses, namely Pamela Hainley, Jenna Rygol, Meredyth Given, Lisa Cook, Marcie Phillips, Sheila Austin, and Michelle Paulino. (*See* 8/1/14 Order (Dkt. # 103).) Having received Plaintiffs' memorandum, (Mem. (Dkt. # 104), as well as Corinthian's opposition,[1] (Opp. (Dkt. # 106), the court now evaluates the reasonableness of Plaintiffs' requested fees.

---

[1] The court granted Corinthian permission to file a response to Plaintiffs' supplemental memorandum. (*See* 8/1/14 Order at 3.) Corinthian's opposition, however, addresses matters outside the scope of Plaintiff's supplemental memorandum. (*See, e.g.*, Opp. at 2 (taking issue with a declaration filed

ORDER- 2

### III.   ANALYSIS

**A.   Reasonableness of Fees**

To determine whether the requested fees are reasonable, the court applies the lodestar method. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Under this method, the court first determines a lodestar figure by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. *Id.* The court "may then adjust this lodestar calculation by other factors." *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

The reasonable hourly rate corresponds to the prevailing market rate in the relevant community considering the experience, skill, and reputation of the attorney in question. *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986), *amended on other grounds*, 808 F.2d 1373 (1987). In assessing whether the attorneys spent a reasonable number of hours on the litigation, courts may consider, among other factors: the novelty and difficulty of the questions involved, the skill necessary to perform the legal services properly, time limitations imposed by the client or circumstances, the amount involved and the results obtained, and the experience, reputation and ability of the attorneys. *LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791

---

in support of Plaintiffs' reply brief).) Corinthian did not follow the local rules regarding filing a sur-reply. *See* W.D. Wash. LCR 7(g). Accordingly, the court strikes the portions of Corinthian's opposition that are not directly responsive to Plaintiffs' supplemental memorandum.

ORDER- 3

F.2d 1334, 1341-42 (9th Cir. 1986) (citing *Kerr v. Screen Extra Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975)).

**B.    Hourly Rates**

Plaintiffs have submitted declarations describing the qualifications and experience of the four lawyers who worked on the case. (*See* Martin Decl. (Dkt. # 93); Enslow Decl. (Dkt. # 95); Khalish Decl. (Dkt. # 96); Burke Decl. (Dkt. # 97).) Partner Dan Khalish, with 13 years of experience, billed $450.00 per hour, of counsel Margaret Enslow, with 8 years of experience, billed $375.00 per hour, of counsel David Martin, with 8 years of experience, billed $375.00 per hour, and associate Lisa Burke, with 4 years of experience, billed $300 per hour. (*See* Martin Decl. ¶¶ 4-5; Heyrich Decl. ¶ 1; Enslow Decl. ¶¶ 3, 22; Khalish Decl. ¶¶ 3, 11; Burke Decl. ¶¶ 3, 8.) Corinthian has not objected to these hourly rates. (*See* Resp.) Given the lack of objection, and based upon the court's familiarity with the rates charged by attorneys with similar qualifications in the Seattle legal community, the court finds that these rates are reasonable.

**C.    Number of Hours**

**1.    First and Second Motions for Sanctions**

Plaintiffs request fees for a total of 225.8 hours billed on the two motions for sanctions, which results in $85,830.00 in fees. (Reply (Dkt. # 100) at 6-7.) The court finds that the time spent on these motions was excessive. *See LaFarge Conseils*, 791 F.2d at 1341-42. Mr. Martin and Ms. Enslow, both attorneys with 8 years of experience as litigators, together spent over 200 hours on these motions. (*See id.*) It is difficult for the court to see how their efforts were not duplicative, especially since the two motions

ORDER- 4

themselves covered similar factual and legal territory. (*Compare* 1st Mot. (Dkt. # 37) *with* 2d Mot. (Dkt. # 63).) Indeed, many of Mr. Martin's and Ms. Enslow's billing entries are duplicative. (*Compare* Martin Decl. Ex. A at 10 (billing for "strategizing regarding," "drafting," and "revising" the first sanctions motion) *with* Enslow Decl. Ex. A at 9 (same).) Moreover, the issues involved in these motions were not complex or novel: electronic discovery is a familiar occurrence in today's litigation practice, and the law regarding discovery sanctions is well-developed. The legal services required by this motion could have been rendered by attorneys with less experience (and lower billing rates) than Mr. Martin and Ms. Enslow, and in significantly less time. Therefore, downward adjustment of Plaintiffs' requested fees is appropriate. *See LaFarge Conseils*, 791 F.2d at 1341. Based on the factors just discussed, the court finds that Plaintiffs are entitled to 35 % of their requested hours (approximately 80 hours), which results in total fees of $30,040.50.

**2. Duplicative Discovery**

Plaintiffs request fees for a total of 55.1 hours billed towards the second depositions of seven defense witnesses, which results in $20,662.50 in fees. (*See* Mem.; Enslow Decl. Ex. A; Martin Decl. Ex. A.) Corinthian objects to 6.4 of these hours as duplicative. (Opp. at 3.) The court concludes that the amount of time Plaintiffs expended preparing for, scheduling, and taking these depositions is appropriate and reasonable. Accordingly, Plaintiffs are entitled to fees of $20,662.50.

//
//

ORDER- 5

### 3. Fees for This Motion

Plaintiffs also request fees due to the preparation of this motion. (*See* Mot.) Corinthian does not object, although it does request that the court reduce the fees awarded. (*See* Resp. at 14.) Overall, Plaintiffs request fees for a total of 44 hours billed on this motion, which results in $17,625.00 in fees. (*See* Mot.; Reply; 2d Enslow. Decl. (Dkt. # 101).) The court finds that the time spent on this motion was excessive. First, Plaintiffs' devoted almost half of their briefing to unnecessarily discussing fees outside the scope of the court's sanction order. (*See* 8/1/14 Order; Mot. 3-6, 8-10; Reply 3-6.) On top of that, the issues involved in the remainder of the motion—namely, collecting, reviewing, and summing billing entries—are not complex or novel. These legal services could have been rendered effectively in significantly less time. Accordingly, downward adjustment of Plaintiffs' requested fees is again appropriate. *See LaFarge Conseils*, 791 F.2d at 1341. Based on the factors just discussed, the court finds that Plaintiffs are entitled to 35 % of their requested hours[2] (approximately 15 hours), which results in total fees of $5790.75.

---

[2] Plaintiffs claim that Mr. Kalish billed 2.4 hours working on the reply brief. (*See* 2d Enslow Decl. ¶ 3.) This claim is supported only by the declaration of Ms. Enslow, who states: "I have also reviewed Daniel Kalish's time entries reflecting his time worked on the reply in support of Plaintiffs' fee petition. On July 24, 2014, he billed 2.1 hours for reviewing, revising, editing and drafting the reply brief and billed 0.3 for a conference with me and David Martin regarding the same." (*Id.*) Declarations in support of attorney fee awards, however, cannot be based on hearsay. *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 223 (9th Cir. 2013) (reversing award of fees predicated on declaration of attorney stating the number of hours listed on his paralegal's billing spreadsheet); *see also Kranson v. Fed. Express Corp.*, No. 11-CV-05826-YGR, 2013 WL 6503308, at *5 (N.D. Cal. Dec. 11, 2013) (rejecting claim for fees based on declaration of an attorney stating the hours that his paralegal told him she worked). Ms. Enslow's declaration merely repeats the out-of-court statement of Mr. Kalish's personal billing entries, and Plaintiffs have not shown that a hearsay exception applies. As such, the court deducts 2.4 hours multiplied by Mr. Kalish's billing rate of $450.00 from the total fees requested for this motion.

### D. Costs

Plaintiffs request costs of $2021.42 related to their two motions for sanctions. (*See* Mot. at 7; Enslow Decl. Ex. B ("Cost Report").) Of these costs, the court finds that the $450.00 cost for an "e-discovery expert" to convert Corinthian's recently produced emails to a different format and the $794.62 cost "to print newly produced documents with slip sheets" are costs that Plaintiffs would have incurred in the course of normal discovery, and therefore are not reasonably related to their motions for sanctions. (*See* Mot; Cost Report.) Plaintiffs request costs of $7000 due to the duplicative depositions discussed above, all of which are court report and transcript costs. (*See* Mem. at 4; Cost Report.) The court concludes that these deposition costs are reasonable. However, although Plaintiffs request $455.00 in costs for the second deposition of Lisa Cook, the court is unable to locate this line item in the "contemporaneous cost report" that Plaintiffs submitted as evidence of their costs. (*See* Cost Report.) Because the court cannot verify this cost, the court deducts the cost from the total amount requested. Plaintiffs do not request costs associated with preparation of this motion. Accordingly, the court finds that Plaintiffs are entitled to $7321.80 in costs.

### E. Total Award

In sum, as shown in the table below, the court awards Plaintiffs a total of $63,815.55 in reasonable attorneys' fees and costs, payable by Corinthian.[3]

//

---

[3] Because the court has already imposed monetary sanctions on Corinthian's law firm (*see* 4/7/14 Order), the court denies Plaintiffs' request to impose joint and several liability for the fees awarded in this motion on Corinthian's law firm.

ORDER- 7

| Fees | Amount |
|---|---|
| Sanctions Motions | $30,040.50 |
| Duplicative Discovery | $20,662.50 |
| Fee Motion | $5790.75 |
| Costs | $7321.80 |
| **Total** | $63,815.55 |

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Plaintiffs' motion for attorneys' fees (Dkt. # 92). The court awards $56,493.75 in fees and $7321.80 in costs to Plaintiffs, payable by Corinthian.

Dated this 12th day of August, 2014.

JAMES L. ROBART
United States District Judge

ORDER- 8